**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

|  |  |  |
|---|---|---|
| U.S. WIND, INC., | ) ) ) | |
| *Petitioner,* | ) ) ) | |
| v. | ) ) | No. 26-1095 |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) ) ) | |
| *Respondent.* | ) ) ) | |

**MOTION OF THE MAYOR AND CITY COUNCIL OF OCEAN CITY
AND THE COMMISSIONERS OF WORCESTER COUNTY, MARYLAND,
FOR LEAVE TO INTERVENE IN SUPPORT OF RESPONDENTS**

The Mayor and City Council of Ocean City and the Commissioners of

Worcester County, Maryland (collectively, "Proposed Intervenors"), move for

leave to intervene in this petition for review in support of Respondents, the U.S.

Environmental Protection Agency ("EPA). US Wind's petition invokes this

Court's jurisdiction to review an order concerning the Clean Air Act permitting of

the Maryland Offshore Wind Project. The challenged order is the Environmental

Appeals Board's decision asserting jurisdiction to review the issuance of the Clean

Air Act Permit-to-Construct, Prevention of Significant Deterioration ("PSD")

Approval, and Nonattainment New Source Review ("NSR") Approval for US

Wind's Maryland Offshore Wind Project. Proposed Intervenors filed the Petition

for Review with EPA's Environmental Appeals Board (the "Board") that is the subject of this proceeding, and participated actively in all proceedings before the Board. Proposed Intervenors also participated extensively in the underlying administrative proceedings and have concrete interests that will be directly affected by this Court's disposition of this case. Intervention is warranted as of right and, alternatively, permissibly.

Proposed Intervenors request that the Court grant them intervention, permitting them to file all appropriate briefs and motions; participate in oral argument if helpful to the Court; and, obtain all relief necessary to protect their interests.

Counsel for Proposed Intervenors have conferred with counsel for US Wind, and counsel for US Wind states that it takes no position on this Motion to Intervene.

**Factual and Procedural Background**

On June 6, 2025, the Maryland Department of the Environment ("MDE"), acting under delegated authority from the EPA, issued a Permit to Construct, a Prevention of Significant Deterioration Approval, and a Nonattainment New Source Review Approval authorizing construction and early operations for the Maryland Offshore Wind Project Permit-to-Construct 047-0248; NSR-2024-01; PSD Approval PSD-2024-01.

On July 7, 2025 Proposed Intervenors—the Mayor and City Council of Ocean City and the Commissioners of Worcester County—filed a petition for review before the Board challenging MDE's issuance of these permits and approvals, in accordance with 40 C.F.R. § 124.19(a)(2), which provides that "[a]ny person who filed comments on the draft permit or participated in a public hearing on the draft permit may file a petition for review." Both Ocean City and Worcester County participated in the public comment process leading to issuance of the subject permits and approvals by providing written and oral comments regarding each issue raised in their Petition before the Board.[1]

After requesting briefing on whether it had jurisdiction over the matter, on December 16, 2025, the Board issued a decision affirming its jurisdiction.[2] It is this jurisdictional determination that is the subject of this Petition for Review.

On January 26, 2026, US Wind filed a petition for review in this Court, challenging the Board's decision that it has jurisdiction to review the issuance of the Clean Air Act Permit-to-Construct, PSD Approval, and NSR Approval for the Maryland Offshore Wind Project.[3] Intervention is therefore sought to defend the

---

[1] *See* Exhibit 1, US Wind Air Quality Permit Public Hearing (Jan. 9, 2025) at 16-17 (Statement from Worcester County Commissioner Joe Mitrecic); *see also id.* at 13-15 (Statement from Ocean City Manager Terry McGean).
[2] *See* Appeal No. 26-1095 (4th Cir.), Doc. 3-2.
[3] *See* Appeal No. 26-1095 (4th Cir.), Doc. 3-1.

3

Board's jurisdictional ruling and to protect Proposed Intervenors' interests in the outcome of this proceeding.

**Standard for Intervention**

Proposed Intervenors seek intervention as of right under Federal Rule of Appellate Procedure 15(d) or, alternatively, permissive intervention. Rule 15(d) provides that a motion to intervene "must contain a concise statement of the interest of the moving party and the grounds for intervention." Although Rule 15 does not define grounds for intervention, the Court may look to the grounds for intervention in district court set forth in Rule 24 of the Federal Rules of Civil Procedure.[4]

Rule 24 of the Federal Rules of Civil Procedure identifies four requirements for intervention as of right in district court. A court must permit intervention if the applicant demonstrates the following: (1) a timely motion, (2) an interest relating to the property or transaction that is the subject of the action, (3) that disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest, and (4) that the existing parties do not adequately represent that interest.[5]

---

[4] Fed. R. Civ. P. 24.
[5] Fed. R. Civ. P. 24(a); *see also Berger v. N. Carolina State Conf. of the NAACP*, 597 U.S. 179, 190 (2022).

Permissive intervention rests within the Court's sound discretion, and is usually granted when the intervenor's claim or defense shares a common question of law or fact with the main action.[6]

ARGUMENT

1.      **This Motion Is Timely**

Under Rule 15 of the Federal Rules of Appellate Procedure a motion for intervention must be brought within 30 days of the filing of the Petition for Review. Here, US Wind's Petition for Review was filed fewer than 30 days ago, and no other activity has occurred in this matter.

2.      **Proposed Intervenors Have Significant Protectable Interests That Will Be Impaired Absent Intervention**

Ocean City and Worcester County are coastal communities adjacent to the Maryland Offshore Wind Project area and are directly affected by the air emissions, monitoring, and compliance obligations governed by the Clean Air Act permits at issue. During the administrative process, local officials from Proposed Intervenors explained the potential impacts on local air quality, fisheries, and tourism, underscoring the concrete stakes for their communities:

- "We are opposed to the air quality permit and approvals sought by US Wind. . . . The dozens of boats . . . will produce hundreds of tons of nitrous oxide. . . . This project is already eliminating Worcester

---

[6] *See* Fed. R. Civ. P. 24(b).

County's only remaining fish houses, crippling our commercial harbor, and is poised to drastically reduce tourism[.]"[7]

- "The town of Ocean City . . . are united in our opposition to all three air quality permits. . . . Studies predict a minimum 12 percent loss in tourism trips, and a 50 percent loss of vacation rentals. . . . These permits will allow US Wind to belch out 41, 673 tons of greenhouse gases each year off our coast."[8]

Proposed Intervenors are directly affected by emissions, compliance obligations, and operational impacts associated with the permits and approvals subject to review by the Board under the Board's jurisdictional order. The Maryland Offshore Wind Project will emit approximately 1,380 tons of nitrous oxide ("NOx") during construction and early operations the permit requires offsets for only 25 tons.[9]

Proposed Intervenor's communities, economies, and public health face concrete risks from the Project's permitted activities and emissions. The dozens of boats that will be required for construction, and later maintenance and operations, will produce hundreds of tons of NOx, contributing to smog, acid rain, and

---

[7] *See* Exhibit 1, US Wind Air Quality Permit Public Hearing (Jan. 9, 2025) at 16-17 (Statement from Worcester County Commissioner Joe Mitrecic).
[8] *See* Ex. 1, US Wind Air Quality Permit Public Hearing (Jan. 9, 2025) at 13-15 (Statement from Ocean City Manager Terry McGean).
[9] *See* Exhibit 2, Prevention of Significant Deterioration Approval Final Determination and Fact Sheet at 4.

6

potentially leading to algae blooms in the ocean.[10] There are currently no significant stationary emission sources in this area. The construction process and daily operations will add NOx and fine particulate to the air that the citizens and the eight million unique visitors that come to the county and Ocean City breathe. This is not an insignificant increase in pollution, and it will further expand the air quality impacts in-shore. The permit also allows US Wind to produce 616 tons of nitrous oxide per year.[11]

Disposition of this case may, as a practical matter, impair the local governments' ability to protect their residents' health, safety, environmental, and economic interests tied to air emissions limits, offsets, and operational constraints applicable to the Project.

Proposed Intervenors sought review from EPA's Environmental Appeals Board precisely because they fear the extensive, adverse effects on their residents and communities if the tens of thousands of tons of pollutants authorized by these permits are launched into the air of their coastal communities. As a practical matter, disposition of their permit challenge will determine whether these communities will or will not suffer the degradation and destruction they fear.

---

[10] Exhibit 3, Final Determination Concerning A Permit-to-Construct, PSD Approval, and NSR Approval Application at 10.
[11] *See* Ex. 2 at 4.

**3.    Proposed Intervenors Are Uniquely Positioned to Defend the EAB's Jurisdictional Determination and the Integrity of the Administrative Review Process**

Proposed Intervenors are uniquely situated as petitioners in the underlying agency process which gave rise to US Wind's Petition for Review in this Court. The Board's jurisdiction flows from the Clean Air Act's application to Outer Continental Shelf sources and the EPA's regulations providing for administrative review under Parts 55 and 124 when permits are issued under delegated federal authority. Proposed Intervenors invoked and participated in that review and seek to protect the Board's decision and assertion of jurisdiction to decide the issues that Proposed Intervenors seek to resolve in that underlying agency review. Respondent, EPA, is the sole opposition to this Petition for Review—there are no other would-be intervenors. And EPA represents national governmental interests that are quite different from the immediate environmental, economic, and health interests of Ocean City and Worcester County off whose coasts this project is slated to be built, and whose residents and public services will be directly affected by the air pollution produced during construction and operation of this massive project.

**4.    The Motion Is Timely and Will Not Prejudice the Parties**

Proposed Intervenors moved timely to intervene upon learning that US Wind's Fourth Circuit petition challenges the Board's jurisdictional decision

concerning the Clean Air Act permits. Their participation will aid the Court by providing the perspective of affected local governments with established participation and preserved issues in the administrative record. Ocean City and Worcester County participated in the public comment process by providing written and oral comments; and each issue raised in this petition was raised during the public comment period, as required by 40 C.F.R. § 124.19 and § 124.13.

**RELIEF REQUESTED**

Proposed Intervenors respectfully request that the Court:

1.    Grant this Motion and add the Mayor and City Council of Ocean City and the Commissioners of Worcester County, Maryland, as Intervenors in support of Respondents;

2.    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Roger J. Marzulla
Roger J. Marzulla
Nancie G. Marzulla
Marzulla Law, LLC
1150 Connecticut Ave., NW
Suite 1050
Washington, D.C. 20036
(202) 822-6760
roger@marzulla.com
nancie@marzulla.com

Dated: February 23, 2026

*Counsel for Proposed Intervenors*

9

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume and formatting requirements of the Federal Rules of Appellate Procedure because it contains 1,760 words and has been prepared in a 14-pt. proportionally spaced typeface.

/s/Roger J. Marzulla
Roger J. Marzulla

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2026, I caused the foregoing Motion to Intervene to be filed via the Court's CM/ECF system, which will serve all registered counsel of record.

<u>/s/Roger J. Marzulla</u>
Roger J. Marzulla